**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Brenda Brown (Dismissed), Ashley Brown, Juan Nelson,
Alvin McNeal (Dismissed), and Kamren Tillis,
Defendants,

Of whom Ashley Brown is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2021-000891

———————————

Appeal From Charleston County
Daniel E. Martin, Jr., Family Court Judge

———————————

Unpublished Opinion No. 2022-UP-179
Submitted April 14, 2022 – Filed April 21, 2022

———————————

**AFFIRMED**

———————————

Heather Vry Scalzo, of Byford & Scalzo, LLC, of
Greenville, for Appellant.

Regina T. Parvin, of South Carolina Department of
Social Services, of Charleston, for Respondent.

Alwyn Taylor Silver, of Silver Law Firm, LLC, of Georgetown, for the Guardian ad Litem.

---

**PER CURIAM:**  Ashley Brown appeals the family court's order removing her minor children from her custody, finding she physically abused and physically neglected her minor children, restraining her from contacting her minor children, and allowing the Department of Social Services (DSS) to forego reasonable efforts at reunification.  *See* S.C. Code Ann. § 63-7-1660(E) (2010) (setting forth findings a family court must make when removing children from the custody of their parents); S.C. Code Ann. § 63-7-1640(C) (Supp. 2021) (setting forth situations when a family court may authorize DSS to forego reasonable efforts at family reunification).  Upon a thorough review of the record and the family court's findings of fact and conclusions of law pursuant to *Ex parte Cauthen*, 291 S.C. 465, 354 S.E.2d 381 (1987),[1] we find no meritorious issues warrant briefing. Accordingly, we affirm the family court's ruling and relieve Brown's counsel.

**AFFIRMED.**[2]

**GEATHERS and HILL, JJ., and LOCKEMY, A.J., concur.**

---

[1] *See also S.C. Dep't of Soc. Servs. v. Downer*, S.C. Sup. Ct. Order dated Feb. 2, 2005 (expanding the *Cauthen* procedure to situations when "an indigent person appeals from an order imposing other measures short of termination of parental rights").

[2] We decide this case without argument pursuant to Rule 215, SCACR.